**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50085 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02589-LAB |
| v. | |
| WILMER GIOVANY OLMEDO, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Wilmer Giovany Olmedo appeals from the 30-month sentence imposed

following his guilty-plea conviction for transporting illegal aliens and aiding and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

SZ/Research

abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The government contends that Olmedo waived his right to claim a breach of the plea agreement. We need not rely on the waiver because the record reflects that the government did not breach the agreement. *See United States v. Johnson*, 187 F.3d 1129, 1134-35 (9th Cir. 1999).

Olmedo also contends that his sentence is unreasonable because the district court applied both a 6-month upward variance based on his "integral role" in the offense and a 2-level minor role reduction, pursuant to U.S.S.G. § 3B1.2(b). He also contends that the variance renders his sentence unreasonable because the district court relied on prior apprehensions that are not sufficiently supported by the record. The record reflects that the appellant's sentence is not unreasonable in light of the totality of the circumstances. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Moreover, the district court's prior apprehension findings, in regard to the upward variance, do not constitute reversible error upon this record. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1165 (9th Cir. 2000).

**AFFIRMED.**